# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| In re: § | |
| § | |
| HANI ASFOUR § | Case No. 15-01812 |
| § | |
| Debtor § | |

## TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under chapter 7 of the United States Bankruptcy Code was filed on 01/20/2015 . The undersigned trustee was appointed on 01/20/2015 .

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

4. The trustee realized gross receipts of             $    67,500.00

   Funds were disbursed in the following amounts:

   | | |
   |---|---:|
   | Payments made under an interim disbursement | 0.00 |
   | Administrative expenses | 3,417.12 |
   | Bank service fees | 405.42 |
   | Other payments to creditors | 0.00 |
   | Non-estate funds paid to 3rd Parties | 0.00 |
   | Exemptions paid to the debtor | 0.00 |
   | Other payments to the debtor | 0.00 |
   | Leaving a balance on hand of[1]         $ | 63,677.46 |

   The remaining funds are available for distribution.

---
[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

UST Form 101-7-TFR (5/1/2011) *(Page: 1)*

     5. Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

     6. The deadline for filing non-governmental claims in this case was 01/22/2016 and the deadline for filing governmental claims was 01/22/2016 . All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved. If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

     7. The Trustee's proposed distribution is attached as **Exhibit D**.

     8. Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $ 6,625.00 . To the extent that additional interest is earned before case closing, the maximum compensation may increase.

     The trustee has received $ 0.00 as interim compensation and now requests a sum of $ 6,625.00 , for a total compensation of $ 6,625.00 [2]. In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $ 0.00 , and now requests reimbursement for expenses of $ 0.00 , for total expenses of $ 0.00 [2].

     Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date: 05/27/2016         By:/s/Frances Gecker
                                  Trustee

**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

UST Form 101-7-TFR (5/1/2011) *(Page: 2)*

**FORM 1**
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

Exhibit A

| Case No: | 15-01812 | JSB | Judge: | Janet S. Baer | Trustee Name: | Frances Gecker |
|---|---|---|---|---|---|---|
| Case Name: | HANI ASFOUR | | | | Date Filed (f) or Converted (c): | 01/20/2015 (f) |
| | | | | | 341(a) Meeting Date: | 02/20/2015 |
| For Period Ending: | 05/27/2016 | | | | Claims Bar Date: | 01/22/2016 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Est Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 1. 9344 MAJOR AVE., OAK LAWN, IL 60453 RESIDENCE | 150,000.00 | 0.00 | OA | 0.00 | FA |
| 2. 11901-41 S. VICENNES AVE., BLUE ISLAND, IL 60406 VACANT LOTS | 100,000.00 | 0.00 | OA | 0.00 | FA |
| 3. 2612 W. 71ST ST., CHICAGO, IL 60629 SINGLE STORY COMMERCIAL | 200,000.00 | 0.00 | OA | 0.00 | FA |
| 4. 4635 W. 63RD ST., CHICAGO, IL 60629 COMMERCIAL PROPERTY--FOR  Foreclosure complete. | 500,000.00 | 0.00 | | 0.00 | FA |
| 5. 6442 W 60TH STREET CHICAGO, IL 60629 MOTHER'S RESIDENCE-OWNE | 60,000.00 | 0.00 | OA | 0.00 | FA |
| 6. 2601 W. 51ST ST. CHICAGO IL COMMERCIAL PROPERTY-STORE | 200,000.00 | 0.00 | | 67,500.00 | FA |
| 7. SW 2350 IRWIN AV. PALM BAY, FLORIDA 2 ACRES VACANT LAND | 5,000.00 | 0.00 | OA | 0.00 | FA |
| 8. BMO HARRIS BANK CHECKING  Debtor took exemption. | 100.00 | 0.00 | | 0.00 | FA |
| 9. REPUBLIC BANK CHECKING  Debtor took exemption. | 100.00 | 0.00 | | 0.00 | FA |
| 10. ORDINARY FURNITURE AND HOUSEHOLD GOODS  Debtor took exemption. | 2,000.00 | 0.00 | | 0.00 | FA |
| 11. INSURANCE POLICIES - COUNTRY FINANCIAL WHOLE LIFE WIFE IS BE  Debtor took exemption. | 0.00 | 0.00 | | 0.00 | FA |
| 12. STOCK - PARK FOODS OF 71ST STREET, INC. DISSOLVED 2011 | 0.00 | 0.00 | | 0.00 | FA |
| 13. STOCK - ASFOUR PROPERTIES, LLC DISSOLVED 2012 | 0.00 | 0.00 | | 0.00 | FA |
| 14. CONTINGENT CLAIMS - POTENTIAL CLASS ACTION SETTLEMENT OF CIT | Unknown | 0.00 | | 0.00 | FA |

**FORM 1**
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

Exhibit A

| Case No: | 15-01812 JSB | Judge: | Janet S. Baer | Trustee Name: | Frances Gecker |
| --- | --- | --- | --- | --- | --- |
| Case Name: | HANI ASFOUR | | | Date Filed (f) or Converted (c): | 01/20/2015 (f) |
| | | | | 341(a) Meeting Date: | 02/20/2015 |
| For Period Ending: | 05/27/2016 | | | Claims Bar Date: | 01/22/2016 |

| 1 | 2 | 3 | 4 | 5 | 6 |
| --- | --- | --- | --- | --- | --- |
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Est Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 15. 2002 MITSUBISHI LANCER | 1,500.00 | 0.00 | | 0.00 | FA |
| Debtor took exemption. | | | | | |
| 16. 2003 GMC ENVOY | 3,000.00 | 0.00 | | 0.00 | FA |
| Debtor took exemption. | | | | | |
| 17. 2001 VW NEW BEETLE | 500.00 | 0.00 | | 0.00 | FA |
| Debtor took exemption. | | | | | |
| 18. 2003 HYUNDAI SANTA FE | 500.00 | 0.00 | | 0.00 | FA |
| Debtor took exemption. | | | | | |
| 19. OTHER PERSONAL PROPERTY - FUNDS DEPOSITED WITH CLERK OF COUR | 22,421.86 | 0.00 | | 0.00 | FA |

Gross Value of Remaining Assets

TOTALS (Excluding Unknown Values)       $1,245,121.86       $0.00            $67,500.00       $0.00
(Total Dollar Amount in Column 6)

Major activities affecting case closing which are not reflected above, and matters pending, date of hearing or sale, and other action:

THE TRUSTEE IS REVIEWING CLAIMS AND PREPARING A FINAL REPORT.

Initial Projected Date of Final Report (TFR): 06/15/2016       Current Projected Date of Final Report (TFR): 06/15/2016

FORM 2

ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD

Exhibit B

| | | |
|---|---|---|
| Case No: | 15-01812 | |
| Case Name: | HANI ASFOUR | |
| Taxpayer ID No: | XX-XXX3472 | |
| For Period Ending: | 05/27/2016 | |

| | | |
|---|---|---|
| Trustee Name: | Frances Gecker | |
| Bank Name: | Associated Bank | |
| Account Number/CD#: | XXXXXX2085 | |
| | Checking | |
| Blanket Bond (per case limit): | $5,000,000.00 | |
| Separate Bond (if applicable): | | |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account/CD Balance ($) |
| 12/21/15 | 6 | Maher S. Asfour<br>Cashier's Check<br>Bank of America | Sale order dated 10/21/15 | 1110-000 | $67,500.00 | | $67,500.00 |
| 12/29/15 | 5001 | CHICAGO REAL ESTATE RESOURCES | Real Estate Commission<br>Order dated 10/21/15 | 3510-000 | | $3,375.00 | $64,125.00 |
| 01/08/16 | | Associated Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $32.36 | $64,092.64 |
| 02/05/16 | | Associated Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $97.38 | $63,995.26 |
| 02/15/16 | 5002 | ADAMS-LEVINE<br>370 LEXINGTON AVENUE, SUITE 1101<br>NEW YORK, NEW YORK  10017 | BLANKET BOND NO. 10BSBGR6291 | 2300-000 | | $42.12 | $63,953.14 |
| 03/07/16 | | Associated Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $88.98 | $63,864.16 |
| 04/07/16 | | Associated Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $94.95 | $63,769.21 |
| 05/06/16 | | Associated Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $91.75 | $63,677.46 |

| | | |
|---|---|---|
| COLUMN TOTALS | $67,500.00 | $3,822.54 |
| Less: Bank Transfers/CD's | $0.00 | $0.00 |
| Subtotal | $67,500.00 | $3,822.54 |
| Less: Payments to Debtors | $0.00 | $0.00 |
| Net | $67,500.00 | $3,822.54 |

UST Form 101-7-TFR (5/1/2011) *(Page: 5)*              Page Subtotals:          $67,500.00          $3,822.54

Exhibit B

TOTAL OF ALL ACCOUNTS

|  | NET DEPOSITS | NET DISBURSEMENTS | ACCOUNT BALANCE |
|---|---|---|---|
| XXXXXX2085 - Checking | $67,500.00 | $3,822.54 | $63,677.46 |
|  | $67,500.00 | $3,822.54 | $63,677.46 |
|  | (Excludes account transfers) | (Excludes payments to debtors) | Total Funds on Hand |

| | |
|---|---|
| Total Allocation Receipts: | $0.00 |
| Total Net Deposits: | $67,500.00 |
| Total Gross Receipts: | $67,500.00 |

Exhibit C
ANALYSIS OF CLAIMS REGISTER

Case Number: 15-01812  
Debtor Name: HANI ASFOUR  
Claims Bar Date: 1/22/2016  

Date: May 27, 2016

| Code # | Creditor Name And Address | Claim Class | Notes | Scheduled | Claimed | Allowed |
|---|---|---|---|---|---|---|
| 100 3410 | ALAN D. LASKO & ASSOCIATES P. C.<br>205 West Randolph Street<br>Suite 1150<br>Chicago, IL 60606 | Administrative | FIRST AND FINAL FEE APPLICATION | $0.00 | $1,810.60 | $1,810.60 |
| 100 3420 | ALAN D. LASKO & ASSOCIATES P. C.<br>205 West Randolph Street<br>Suite 1150<br>Chicago, IL 60606 | Administrative | FIRST AND FINAL FEE APPLICATION | $0.00 | $21.60 | $21.60 |
| 100 3510 | CHICAGO REAL ESTATE RESOURCES | Administrative | | $0.00 | $3,375.00 | $3,375.00 |
| 100 3110 | FRANKGECKER LLP<br>325 N. LaSalle Street<br>Suite 625<br>Chicago, Illinois 60654 | Administrative | FIRST AND FINAL FEE APPLICATION. | $0.00 | $13,182.00 | $13,182.00 |
| 100 3120 | FRANKGECKER LLP<br>325 N. LaSalle Street<br>Suite 625<br>Chicago, Illinois 60654 | Administrative | FIRST AND FINAL FEE APPLICATION. | $0.00 | $211.45 | $211.45 |
| 100 2100 | Frances Gecker<br>325 N. LaSalle Street<br>Chicago, IL 60654 | Administrative | | $0.00 | $6,625.00 | $6,625.00 |
| 1 300 7100 | COMMONWEALTH EDISON COMPANY<br>3 LINCOLN CENTER<br>ATTN: BANKRUPTCY SECTION<br>OAKBROOK TERRACE, IL 60181 | Unsecured | | $0.00 | $5,406.67 | $5,406.67 |
| 2 300 7100 | BMO HARRIS BANK, N.A.<br>FRANCIS J PENDERGAST ILL/CROWLEY & LAMB PC<br>221 N LASALLE STREET, SUITE 1550<br>CHICAGO, IL 60601 | Unsecured | | $0.00 | $585,949.44 | $585,949.44 |
| 3 300 7100 | DISCOVER BANK<br>DISCOVER PRODUCTS INC<br>PO BOX 3025<br>NEW ALBANY, OH 43054-3025 | Unsecured | | $0.00 | $7,997.42 | $7,997.42 |

Exhibit C
ANALYSIS OF CLAIMS REGISTER

Case Number: 15-01812  
Debtor Name: HANI ASFOUR  
Claims Bar Date: 1/22/2016  

Date: May 27, 2016

| | Creditor Name And Address | Claim Class | Notes | Scheduled | Claimed | Allowed |
|---|---|---|---|---|---|---|
| 4 300 7100 | DISCOVER BANK<br>DISCOVER PRODUCTS INC<br>PO BOX 3025<br>NEW ALBANY, OH 43054-3025 | Unsecured | | $0.00 | $16,644.79 | $16,644.79 |
| 5 300 7100 | NICOR GAS<br>PO Box 549<br>Aurora, IL 60507 | Unsecured | | $0.00 | $308.77 | $308.77 |
| 6 300 7100 | ILLINOIS STATE LOTTERY<br>PO BOX 19080<br>SPRINGFIELD, IL 62794-9080 | Unsecured | | $0.00 | $15,475.86 | $15,475.86 |
| 7 300 7100 | LAW OFFICES OF MICHAEL DAVIES<br>C/O DENNIS BOTH<br>1526 W. CHICAGO AVE.<br>CHICAGO, IL 60642 | Unsecured | | $0.00 | $1,815.15 | $1,815.15 |
| | Case Totals | | | $0.00 | $658,823.75 | $658,823.75 |

Code#: Trustee's Claim Number, Priority Code, Claim Type (UTC)

## TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 15-01812
Case Name: HANI ASFOUR
Trustee Name: Frances Gecker

Balance on hand $ 63,677.46

Claims of secured creditors will be paid as follows:

NONE

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: Frances Gecker | $ 6,625.00 | $ 0.00 | $ 6,625.00 |
| Attorney for Trustee Fees: FRANKGECKER LLP | $ 13,182.00 | $ 0.00 | $ 13,182.00 |
| Attorney for Trustee Expenses: FRANKGECKER LLP | $ 211.45 | $ 0.00 | $ 211.45 |
| Accountant for Trustee Fees: ALAN D. LASKO & ASSOCIATES P. C. | $ 1,810.60 | $ 0.00 | $ 1,810.60 |
| Accountant for Trustee Expenses: ALAN D. LASKO & ASSOCIATES P. C. | $ 21.60 | $ 0.00 | $ 21.60 |
| Other: CHICAGO REAL ESTATE RESOURCES | $ 3,375.00 | $ 3,375.00 | $ 0.00 |

Total to be paid for chapter 7 administrative expenses      $    21,850.65

Remaining Balance      $    41,826.81

Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $ 0.00 must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

NONE

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $ 633,598.10 have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be 6.6 percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 1 | COMMONWEALTH EDISON COMPANY | $ 5,406.67 | $ 0.00 | $ 356.92 |
| 2 | BMO HARRIS BANK, N.A. | $ 585,949.44 | $ 0.00 | $ 38,681.30 |
| 3 | DISCOVER BANK | $ 7,997.42 | $ 0.00 | $ 527.95 |
| 4 | DISCOVER BANK | $ 16,644.79 | $ 0.00 | $ 1,098.80 |
| 5 | NICOR GAS | $ 308.77 | $ 0.00 | $ 20.38 |
| 6 | ILLINOIS STATE LOTTERY | $ 15,475.86 | $ 0.00 | $ 1,021.63 |
| 7 | LAW OFFICES OF MICHAEL DAVIES | $ 1,815.15 | $ 0.00 | $ 119.83 |
| | Total to be paid to timely general unsecured creditors | | | $ 41,826.81 |
| | Remaining Balance | | | $ 0.00 |

      Tardily filed claims of general (unsecured) creditors totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be 0.0 percent.

      Tardily filed general (unsecured) claims are as follows:

NONE

      Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be 0.0 percent.

      Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE