IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| HANI ASFOUR, | ) | No. 15-01812 |
| | ) | |
| Debtor. | ) | Hon. Janet S. Baer |
| | ) | |
| | ) | Hearing Date: July 26, 2016 |
| | ) | Hearing Time: 10:00 a.m. |
| | ) | Room No.: 615 |

**COVER SHEET FOR FIRST AND FINAL FEE APPLICATION OF
FRANKGECKER LLP, COUNSEL TO FRANCES GECKER,
CHAPTER 7 TRUSTEE OF THE ESTATE OF HANI ASFOUR**

| | |
|---|---|
| Name of Applicant: | FrankGecker LLP |
| Authorized to Provide Professional Services to: | Frances Gecker, Chapter 7 Trustee of Hani Asfour, Case No. 15-01812 |
| Date of retention: | April 27, 2015 retroactive to March 20, 2015 |
| Period for which compensation and reimbursement is sought: | March 20, 2015 through May 31, 2016 |
| Amount of Fees Sought: | $13,182.00 |
| Amount of Expense Reimbursement Sought: | $211.45 |

The aggregate amount of fees and expenses *paid* to the Applicant to date for services rendered and expenses incurred herein is: $0.00.

{ASFOUR/001/00046199.DOC/}

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| HANI ASFOUR, | ) | No. 15-01812 |
| | ) | |
| Debtor. | ) | Hon. Janet S. Baer |
| | ) | |
| | ) | Hearing Date: July 26, 2016 |
| | ) | Hearing Time: 10:00 a.m. |
| | ) | Room No.: 615 |

## NOTICE OF MOTION

PLEASE TAKE NOTICE that on **July 26, 2016 at 10:00 a.m.**, or as soon thereafter as counsel may be heard, we shall appear before the Honorable Janet S. Baer in Courtroom 615 of the United States Bankruptcy Court for the Northern District of Illinois, 219 South Dearborn Street, Chicago, Illinois, or whomever may be sitting in her place and stead, and then and there present the **First and Final Application of FrankGecker LLP, as Counsel to Frances Gecker, Chapter 7 Trustee of the Bankruptcy Estate of Hani Asfour for Compensation and Reimbursement of Expenses**, a copy of which is attached hereto and hereby served upon you.

Dated: June 21, 2016

Respectfully submitted,

FRANCES GECKER, not individually, but as Chapter 7 Trustee of the bankruptcy estate of HANI ASFOUR,

By: /s/   *Micah R. Krohn*

Micah R. Krohn (ARDC No. 6217264)
**FrankGecker LLP**
325 N. LaSalle Street, Suite 625
Chicago, Illinois 60654
Tel.: (312) 276-1400
Fax: (312) 276-0035
mkrohn@fgllp.com

{ASFOUR/001/00046199.DOC/}

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| HANI ASFOUR, | ) | No. 15-01812 |
| | ) | |
| Debtor. | ) | Hon. Janet S. Baer |

## FIRST AND FINAL FEE APPLICATION OF FRANKGECKER LLP, COUNSEL TO FRANCES GECKER, CHAPTER 7 TRUSTEE OF THE BANKRUPTCY ESTATE OF HANI ASFOUR

FrankGecker, LLP ("FG"), counsel to Frances Gecker, solely as Chapter 7 Trustee (the "Trustee") of the bankruptcy estate of Hani Asfour (the "Debtor"), hereby submits its first and final application (the "Application") pursuant to 11 U.S.C. §§ 330, 331 and 507(a)(1) for legal services performed and expenses incurred during the period of March 20, 2015 through and including May 31, 2016 (the "Application Period"), as counsel to the Trustee. In support of the Application, FrankGecker LLP respectfully represents as follows:

### INTRODUCTION

1. On January 20, 2015 (the "Petition Date"), the Debtor filed a voluntary Chapter 7 bankruptcy petition.

2. Frances Gecker ("Trustee") is the duly appointed Trustee in the Case.

3. The Trustee chose FrankGecker LLP ("FG") as her counsel in the Case. On April 27, 2015, this Court entered an order authorizing the Trustee to retain FG and Mr. Krohn as her counsel retroactive to March 20, 2015.

4. Counsel has received $0.00 in previously awarded compensation and reimbursement of expenses.

{ASFOUR/001/00046199.DOC/}

5. The assets of this case consisted of the Debtor's commercial property located at 2601 W. 51st, Chicago, Illinois 60632 with a scheduled value of $200,000 (the "Property") and unencumbered by a mortgage.

6. The Property consisted of a liquor store and small residential apartment. On October 21, 2015, this Court entered an order approving the sale of Debtor's one-half interest in the Property to the Debtor's brother, Mike Asfour in the amount of $67,500.00.

7. This Application sets forth in detail the work performed by FG and the time spent in connection with this case, from March 20, 2015 through May 31, 2016. To aid the Court in its review of the Application, FG has divided the Application into three parts. Part I describes the practical and legal issues encountered by FG, and the actions taken and results obtained by FG. Part II describes counsel's qualifications and areas of special expertise. Part III describes the manner in which the fees and costs were calculated.

## I. SERVICES PERFORMED

### A. Administration $602.00

Trustee's counsel spent 1.40 hours at a cost of $602.00 on general case administration matters. This category includes the review and investigation of the Debtor's assets and the preparation for and appearance at the hearing on the Trustee's final report.

### B. Claims/Claim Objections $86.00

Trustee's counsel spent 0.20 hours at a cost of $86.00 on communications with the secured creditor regarding its proof of claim and modification of the automatic stay.

### C. Retention of Professionals/Fee Applications $2,416.00

Counsel spent 10.70 hours at a cost of $2,416.00 preparing and filing motions to employ counsel for the Trustee, Trustee's accountant and real estate broker. FG spent time reviewing the

accountant's first and final fee application, as well as the preparation of FG's first and final fee application.

**D.   Sale of Assets**                                                              $10,078.00

Counsel spent 24.40 hours at a cost of $10,078.00 with respect to the sale of assets of the Debtor's estates. FG performed a detailed investigation of the ownership of the Property, because the Debtor's brother alleged he held a one-half interest in the Property. FG spent considerable time trying to locate land trust documents including any deed transferring title out of the land trust. Mike Asfour, Debtor's brother, was able to produce copies of a deed in trust, a collateral promissory note, a mortgage and an invoice for the annual fee for the Land Trust, proving that he held one-half interest and the Trustee accepted his good faith offer to buy the Debtor's one-half interest for $67,500. The Trustee also consulted with brokers in Florida to sell vacant lots owned by the Debtor in Florida. The Trustee later determined there was no value in those vacant lots.

**II.   ATTORNEYS AND PARAPROFESSIONALS PROVIDING SERVICES FOR THIS ESTATE**

A.   Micah R. Krohn (MRK) is senior counsel at FrankGecker. Mr. Krohn graduated from the Cardozo School of Law in 1992 and served as law clerk to the Hon. Erwin I. Katz. Mr. Krohn has been involved in the day-to-day representation of the Trustee.

B.   Michael H. Matlock (MHM) is a bankruptcy paralegal at FrankGecker LLP. A graduate of the University of Oklahoma, Mr. Matlock has over 25 years of experience working in bankruptcy matters in debtor, creditor and trustee cases.

III.  **CALCULATION OF TIME AND FEES**

This is FG's First and Final Application for compensation and reimbursement of expenses in representing the Trustee in this case. It covers the period from March 20, 2015 to and including May 31, 2016. All professional services for which compensation is requested herein, and all reimbursement for expenses incurred, have been for services rendered for the benefit of the Trustee and the Debtor's bankruptcy estate. No agreement or understanding exists between FG and any other person for the sharing of compensation received or to be received in connection with this case, other than as disclosed or authorized pursuant to 11 U.S.C. §§ 327, 328, 330 and 331.

As set forth in the attached exhibit, the attorneys and paralegals at FG have spent a total of 36.70 hours providing necessary legal services for the Trustee. FG requests compensation in the amount of $13,182.00 for actual, necessary legal services performed, as itemized in **Exhibit A**. The blended hourly rate is $359.18. Additionally, counsel has expended the sum of $211.45 for actual, necessary expenses incurred in representing the Trustee, as itemized in **Exhibit A**.

In preparing this fee application, counsel has calculated the amount of time spent by each attorney and paralegal in performing actual, necessary legal services for the Trustee. The data used came directly from computer printouts which are kept on each client. The hourly rates charged are the regular hourly rates charged by counsel to its clients. Counsel worked to avoid any duplication of efforts between parties, and in instances where more than one attorney billed for a project, there was a need for multiple attorneys' involvement. Multiple representation in analogous circumstances has been approved. *See Berberena v. Coler*, 753 F.2d 629 (7th Cir. 1985); *In re Washington Manufacturing Co.*, 101 B.R. 944 (Bankr. M.D. Tenn. 1989); *In re N-Ren Corp.*, 71 B.R. 488 (Bankr. S.D. Ohio 1987).

Counsel does not bill its clients or seek compensation in this fee application for its overhead expenses, including word processing or photocopying; instead, such expenses are factored into counsel's normal and customary rate. Counsel does not include charges for long distance telephone, photocopying or computer research in its overhead because it has determined that it is fairer to its smaller clients who use proportionately less of these services to have these expenses billed separately. These charges fairly compensate the firm's actual costs and do not result in undue revenue for the firm. Moreover, counsel's non-bankruptcy clients routinely are billed and pay these types of expenses. See *In re Continental Securities Litigation*, 962 F.2d 566, 570 (7th Cir. 1992).

No compensation has been promised to counsel other than as disclosed or approved by this Court. Counsel certifies that there is no agreement between it and any other party regarding the sharing of fees except with counsel's general partners, and counsel has not discussed or negotiated the amount of its fees with any party except its client. Finally, counsel represents that it is and remains a disinterested party and does not hold any adverse relationship with this estate.

WHEREFORE, FrankGecker LLP, respectfully requests that this Court enter an Order:

A.  Allowing FrankGecker LLP final compensation for legal services provided to the Trustee in the amount of $13,182.00.

B.  Allowing FrankGecker LLP final reimbursement of expenses incurred in the amount of $211.45; and

C.  Authorizing the Trustee to pay FrankGecker LLP total compensation in the amount of $13,393.45.

Dated: June 21, 2016

Respectfully submitted,

FRANCES GECKER, not individually, but as Chapter 7 Trustee of the bankruptcy estate of HANI ASFOUR,

By: /s/  *Micah R. Krohn*

Micah R. Krohn (ARDC No. 6217264)
**FrankGecker LLP**
325 N. LaSalle Street, Suite 625
Chicago, Illinois 60654
Tel.: (312) 276-1400
Fax: (312) 276-0035
mkrohn@fgllp.com